NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Crim. No. 92-172 (JMV) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| FABIO PAZ, | : | |
| | : | |
| Defendant. | : | |

**John Michael Vazquez, U.S.D.J.**

Pursuant to 18 U.S.C. § 3582(c)(2), Defendant Fabio Paz seeks a reduction in his nearly thirty-five-year sentence. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is denied.

### I.    Background

The parties agree to the facts as to the underlying criminal conviction and sentencing, which are summarized here. On October 13, 1993, Paz was convicted by a jury of the following: Count One – conspiracy to distribute and possess with intent to distribute more than 1,500 kilograms of cocaine, contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846; Count Two – possession with intent to distribute approximately 330 kilograms of cocaine on or about June 8, 1991, in violation of 21 U.S.C. § 841(a)(1); and Count Three – possession with intent to distribute approximately 149 kilograms of cocaine in or around July 1991, in violation of 21 U.S.C.

---

[1] Defendant's brief in support of his motion, D.E. 15, is referred to as "Br."; the Government's opposition brief, D.E. 20, is referred to as "Opp." No reply was filed.

§ 841(a)(1). Paz's total United States Sentencing Guideline offense level was 46, which yielded a guidelines sentence of life, and Paz was sentenced to life on approximately May 23, 1994. On approximately June 24, 1996, Paz was resentenced to 419 months in prison due to a November 1995 Guideline amendment, which reduced his base offense level. As a result, Paz faced a total offense level of 42, which resulted in a Guidelines' range of 360 months to life.

On November 25, 2014, Paz made a motion pursuant 18 U.S.C. § 3582(c)(2) for a reduction in sentence. D.E. 5. Paz argued that he should be granted relief pursuant to the November 2015 amendment to the Guidelines, Amendment 782, which changed the threshold amounts in the drug quantity table found in U.S.S.G. § 2D1.1. *Id.* at 1. Paz also cited to health concerns and post-sentence rehabilitation. *Id.* at 1-2. Judge Linares denied the motion on December 9, 2015. D.E. 11.

Paz then made the instant motion, which was filed on February 27, 2019.

## II.  Statute and Analysis

18 U.S.C. § 3582(c)(2) provides as follows:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

28 U.S.C. § 994(o) in turn provides as follows:

> The Commission periodically shall review and revise, in
> consideration of comments and data coming to its attention, the
> guidelines promulgated pursuant to the provisions of this section. In
> fulfilling its duties and in exercising its powers, the Commission
> shall consult with authorities on, and individual and institutional
> representatives of, various aspects of the Federal criminal justice
> system. The United States Probation System, the Bureau of Prisons,
> the Judicial Conference of the United States, the Criminal Division
> of the United States Department of Justice, and a representative of
> the Federal Public Defenders shall submit to the Commission any
> observations, comments, or questions pertinent to the work of the
> Commission whenever they believe such communication would be
> useful, and shall, at least annually, submit to the Commission a
> written report commenting on the operation of the Commission's
> guidelines, suggesting changes in the guidelines that appear to be
> warranted, and otherwise assessing the Commission's work.

28 U.S.C. § 994(o).

Paz requests relief for the following reasons: the November 2015 Guideline amendment

(Amendment 782) as to Section 2D1.1, specific offender characteristics under Guideline Section

5H, and the First Step Act. Br. at 1-5. Paz also asks that counsel be appointed to represent him.

*Id.* at 6. The Government responds that Paz's motion is an out-of-time request for reconsideration

of Judge Linares' denial order, that Section 358(c)(2) does not warrant the relief sought, that

Section 5H does not warrant departure, and that the First Step Act does not apply. Opp. at 5-10.

The Court agrees with the Government.

As noted, Paz's November 2014 motion was based on the same argument that he now

makes – Amendment 782. Judge Linares denied the motion in 2015. Pursuant to Local Criminal

Rule 1.1 and Local Civil Rule 7.1(i), Paz had to seek a motion for reconsideration within 14 days

of Judge Linares' December 9, 2015 order. Paz's current motion was filed over three years later,

so it is well beyond the 14-day requirement. Thus, Paz's motion – at least as to the November 2015 amendment – is denied.[2]

Yet, even considering the merits of Paz's request, 18 U.S.C. § 3582(c)(2) does not support the relief requested. As noted, Section 3582(c)(2) refers to 28 U.S.C. § 994(o). Section 3582(c)(2) further indicates that, among other things, a requested reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant policy statement of the Sentencing Commission provides in relevant part as follows:

> (a)  Authority.—
>
> (1)  In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2)  Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>    . . .
>
> (B)  an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

---

[2] Paz does not give a reason for the delay. He does attach a letter dated July 9, 2015 from the Honorable William G. Bassler, U.S.D.J. (ret.), who was the sentencing judge in Paz's case. D.E. 15 at 8-11. Judge Bassler's letter is addressed to the "Office of Pardon Attorney" in the United States Department of Justice. Judge Bassler requested that Paz's sentence be changed from 419 months to 360 months.

U.S.S.G. § 1B1.10. Thus, if an amendment does *not* have the effect of lowering Paz's applicable

Guideline range, then a reduction of sentence is *not* authorized under Section 3582(c)(2). The

Third Circuit has confirmed this position:

> The plain language of § 3582(c)(2) authorizing the court to reduce
> the sentence of a defendant who was sentenced "based on a
> sentencing range that has subsequently been lowered by the
> Sentencing Commission" provided such a reduction is also
> "consistent with applicable policy statements issued by the
> Sentencing Commission" precludes [Defendants'] argument. As we
> have recognized, "[t]he plain language of § 3582(c)(2) requires that
> a sentence reduction be 'consistent with applicable policy
> statements issued by the Sentencing Commission.' § 3582(c)(2).
> The plain language of the statute, therefore, specifically incorporates
> the Commission's policy statements . . . ."

*United States v. Ware*, 694 F.3d 527, 532 (3d Cir. 2012) (first alteration added) (quoting *United*

*States v. Doe*, 564 F.3d 305, 310 (3d Cir. 2009)).

Here, as the Government points out, applying Amendment 782 to Paz would result in a

base offense level of 38 because his offenses involved over 450 kilograms of cocaine. U.S.S.G. §

2D1.1. Due to his role in the offense, Paz would still face a four-level upward adjustment under

Section 3B1.1(a), with a resulting total offense level of 42. As a result, his Guidelines' range

would still be 360 months to life – the same range under which Paz was ultimately sentenced.

Amendment 782 did not have the effect of lowering his Guidelines' range, so relief under Section

3582(c)(a) is not available.

As to Paz's request for relief pursuant to Section 5H of the Guidelines due to his current

medical issues and his post-conviction rehabilitation, the Court could only consider such

arguments if there was an independent basis for resentencing Paz. *See United States v. Medley*,

168 F. Supp. 2d 293, 297 (D. Del. 2001). Here, there is no independent basis for resentencing Paz.

Finally, while Paz raises the recently enacted First Step Act, Br. at 5, he does not cite to any specific provision or provide any analysis. If Paz is seeking release under 18 U.S.C. § 3582(c)(1)(A), such a motion must be made by "the Director of the Bureau of Prisons" or by Paz after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" Paz has not made the requisite showing of exhaustion. Paz also does not indicate that he sought release pursuant to 34 U.S.C. § 6054(g).

For the foregoing reasons, the Court denies Defendant's motion and also denies his request for the appointment of counsel.

## III.    Conclusion

For the foregoing reasons, and for good cause shown,

It is on this 22nd day of January 2020, hereby

**ORDERED** that Defendant Paz's motion pursuant to U.S.C. § 3582(c)(2), D.E. 15, is **DENIED**; and it is further

**ORDERED** that Defendant Paz's request for appointment of counsel is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall serve a copy of this Opinion and Order on Defendant Paz by regular mail; and it is further

**ORDERED** that the Clerk's Office shall close this matter.

HON. JOHN M. VAZQUEZ,
United States District Judge